# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| NANCYLEE RICHMOND-JEFFERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | NO. 2:08-CV-278 |
| PORTER TOWNSHIP SCHOOL CORPORATION and PAUL SCHLOTTMAN, | ) ) ) | |
| | ) | |
| Defendants. | | |

## OPINION AND ORDER

Nancylee Richmond-Jeffers alleges she was suspended and terminated from her teaching position with Porter Township School Corporation ("PTSC") due to age and disability discrimination. Along with PTSC, she also named as a defendant her supervisor and principal, Paul Schlottman. Defendants move to dismiss this action on several grounds. [DE 6.] They also object to Richmond-Jeffers's Amended Complaint, filed prior to the completion of briefing on Defendants' motion to dismiss. [DE 15.]

Defendants' Objection to Richmond-Jeffers's Amended Complaint is denied, as she was within her rights to amend the complaint as a matter of course under Rule 15(a). With her Amended Complaint deemed viable, Richmond-Jeffers has adequately stated her disability for purposes of her ADA claim. Defendants move to dismiss the claims related to her termination because it was not included within her EEOC charge. That request is also denied because the termination was a direct outgrowth of her suspension, which she did include in her charge, and

because the suspension and termination were close enough in time that the EEOC would have learned about it during the course of its investigation. Paul Schlottman, however, is dismissed from this action, as he does not fall within the definition of "employer" for purposes of Richmond-Jeffers's discrimination claims. Defendants further request that I strike a portion of an exhibit attached to the Amended Complaint, but that request is denied because the exhibit does not fall outside of the pleading guidelines set forth by Rule 8(d) of the Federal Rules of Civil Procedure and because Richmond-Jeffers is owed a less stringent pleading standard on account of her *pro se* status.

**BACKGROUND**

Richmond-Jeffers was suspended by Schlottman in March of 2008, and then fired two months later. [DE 12], ¶ 13. At the time, she was over forty years of age and had been employed by PTSC for over twenty years. *Id*., ¶ 10. She suffers from, or has suffered from, cancer, retrocele, cystocele, bowel and bladder dysfunction, and bowel and bladder urgency. *Id*., ¶ 2. Prior to the suspension and termination which prompted the current suit, she and the Defendants had entered into an accommodation agreement, in cooperation with the EEOC. *Id*., ¶¶ 1-3; Negotiated Settlement Agreement [DE 12-2]. The agreement sprung out of an earlier charge in which Richmond-Jeffers alleged discrimination in violation of the Americans with Disabilities Act ("ADA"). Amended Complaint [DE 12,] ¶¶ 1-3; 7/10/06 EEOC Charge [DE 12-2] at 1; Negotiated Settlement Agreement [DE 12-2]. She now alleges that Defendants did not implement the modifications and other terms called for by the accommodation agreement. Amended Complaint [DE 12], ¶¶ 6-8.

On the day she was suspended, Richmond-Jeffers was escorted out of the building the

day after she informed Principal Paul Schlottman of her belief that the school was not respecting students' privacy rights in violation of the Family Educational Rights and Privacy Act ("FERPA") and the National School Lunch Act ("NLSA"). *Id.*, ¶¶ 13-16. She concedes in her Amended Complaint that she is not seeking to raise a claim under NSLA or FERPA, "but rather uses this as an example of the harassment she underwent." Amended Complaint [DE 12], ¶ 15.

Richmond-Jeffers responded to the suspension with the filing of a new charge with the EEOC, on April 8, 2008. She alleged discrimination based on Age, Disability, Retaliation and "Civil Rights."[1] *Id.*, ¶ 9; 4/8/08 EEOC Charge [DE 12-2] at 1. She was terminated on May 22, 2008, during the course of her suspension and while that new charge with the EEOC was pending. Amended Complaint [DE 12], ¶¶ 18-19. The EEOC sent her its Dismissal and Notice of Rights letter on June 17, 2008, after her termination from the school. The EEOC charges were attached to the Original and Amended Complaint.

Defendants' Motion to Dismiss, filed after Richmond-Jeffers served her first Complaint, argues that she did not exhaust her administrative remedies for her claims relating to her termination, since her EEOC charge was filed before the termination occurred. Def.'s Motion to Dismiss [DE 6], ¶ 6. It additionally contends that Schlottman is not a proper defendant as he is not an "employer" under the ADA or ADEA, and that a portion of Exhibit B of the Complaint should be stricken because it's not simple, concise and direct as called for by Rule 8 of the

---

[1] Nowhere in her Complaints or EEOC charge did Richmond-Jeffers indicate her race, color, sex, religion, or national origin so as to make out a claim under Title VII or 42 U.S.C. § 1981. Her listing of "Civil Rights" underneath the "Other" box in her April 8, 2008 charge is unsupported by any separate allegation, and must be interpreted as simply a reiteration of her ADA and ADEA claims. Her checking off of the "Retaliation" box in the April 8, 2008 EEOC charge can only be intended as an ADA-retaliation claim, as she mentions no possible protected activities other than her 2006 charge alleging ADA violations.

Federal Rules of Civil Procedures. *Id*., ¶¶ 5, 7. Lastly, Defendants said that the ADA claim must be dismissed because the Complaint did not state the nature of her disability. *Id*., ¶ 4. Richmond-Jeffers's response included an Amended Complaint, in which she did identify the disabilities giving rise to her ADA claim. Amended Complaint [DE 12], ¶ 2. Defendants object to the filing of the Amended Complaint and seek an order striking it. Def.'s Objection to Amended Complaint [DE 15].

## DISCUSSION

The minimum requirements for pleading a claim for relief are contained in Rule 8. That Rule requires, in pertinent part, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). Rule 12(b)(6), on the other hand, authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted.

In 2007, the Supreme Court retooled its interpretation of the pleading standards in the context of a motion to dismiss. *See Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). Prior to *Bell Atlantic* the standard had basically remained static for nearly fifty years. In *Bell Atlantic*, the Court stated that the "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 1964-65 (brackets omitted). Instead, the Court held that the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id*. at 1965. In so holding, *Bell Atlantic* retired the oft-quoted statement from *Conley v. Gibson*, 355 U.S. 41 (1957), that a complaint survives a motion to dismiss "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Bell Atlantic*, 127 S.Ct. at 1968 (quoting *Conley*, 355 U.S. at 45-46).

Two weeks later the Supreme Court decided *Erickson v. Pardus*, 127 S.Ct. 2197 (2007). In *Erickson* the Court also took up the issue of pleading standards, but this time in the context of *pro se* litigation. In *Erickson*, the Court stated that "[s]pecific facts are not necessary" to meet the requirements of Rule 8(a). In an effort to reconcile *Twombly* and *Erickson* the Seventh Circuit has read those cases together to mean that "at some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." *Airborne Beepers & Video, Inc. v. AT&T Mobility*, 499 F.3d 663, 667 (7th Cir. 2007). *See also Tamayo v. Blagojevich*, 526 F.3d 1074, 1082-83 (7th Cir. 2008); *Limestone Dev. Corp. v. Vill. of Lemont, Ill.*, 520 F.3d 797, 803 (7th Cir. 2008).

The Seventh Circuit has also cautioned courts not to "overread" *Bell Atlantic*. *See Limestone*, 520 F.3d at 803. *See also Tamayo*, 526 F.3d at 1082. *Bell Atlantic* essentially "impose[s] two easy-to-clear hurdles." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). "First, the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Id*. (quotation marks and ellipses omitted). "Second, its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Id*. (quotation marks omitted).

**A.    Richmond-Jeffers's Amendment of her Complaint**

The first question is whether to strike Richmond-Jeffers's First Amended Complaint. Her original Complaint failed to state the nature of her disability under the ADA, but, as Defendants acknowledge, the Amended Complaint remedies that deficiency. Defendants object to the Amended Complaint because Richmond-Jeffers did not seek leave of the court to

supplement the complaint as required by Rule 15(d).  The problem with this is that it is Rule 15(a) – not Rule 15(d) – which controls the newest pleading.  A *supplemental* pleading, controlled by 15(d), is one which sets out "any transactions, occurrence or event that happened after the date of the pleading sought to be supplemented." But Richmond-Jeffers's Amended Complaint does not mention any events occurring after the first pleading; it merely adds details and allegations from before that time.

Richmond-Jeffers's filing was an *amendment* to the original complaint and comported with Rule 15(a) which allows a party to "amend its pleading once as a matter of course before being served with a responsive pleading."  Defendants have not filed an answer in this case, and a motion to dismiss is not a responsive pleading, as far as Rule 15(a) is concerned.  *Foster v. DeLuca*, 545 F.3d 582, 583-84 (7th Cir. 2008).  Richmond-Jeffers therefore gets one free amendment and does not need permission from the Court to do submit it.  *See Stewart v. RCA Corp.*, 790 F.2d 624, 631 (7th Cir. 1986).  "The amended complaint became, upon its submission, the operative complaint in the case; the original filing no longer controlled the litigation." *Duda v. Board of Educ. of Franklin Park Public School Dist. No. 84*, 133 F.3d 1054, 1057 (7th Cir. 1998).  Granted, the right is not absolute in that a district court may prevent the amendment if it is obviously futile for failing to cure the deficiencies of the original complaint.  *Perkins v. Silverstein*, 939 F.2d 463, 472 (7th Cir. 1991).  But Richmond-Jeffers's Amended Complaint was far from futile, and as Defendants acknowledge, it saves her ADA claim by identifying her disability.

**B.     Failure to Exhaust**

In evaluating the scope of the EEOC charge, courts apply a "liberal standard" because

they are not typically drafted by trained counsel. *Cheek v. W. & S. Life Ins. Co.,* 31 F.3d 497, 502 (7th Cir.1994). *See also* 29 C.F.R. § 1601.12(b). Generally, a plaintiff may not bring discrimination claims that were not originally included in her charge to the EEOC. *See Sitar v. Indiana Dept. of Transp.,* 344 F.3d 720, 726 (7th Cir.2003). This rule serves two purposes: 1) it affords the EEOC the opportunity to settle the dispute between the employee and employer; and 2) it puts the employer on notice of the charges against it. *Geldon v. South Milwaukee School Dist.,* 414 F.3d 817, 819 (7th Cir.2005). An exception to the general rule exists if the claims are "like or reasonably related" to the allegations in the EEOC charge and grow out of such allegations. *Id.* (citations and internal quotations omitted). Claims are not alike or reasonably related unless there is a factual relationship between them, meaning "the EEOC charge and the complaint must, at a minimum, describe the same conduct and implicate the same individuals." *Haugerud v. Amery School Dist.,* 259 F.3d 678, 689 (7th Cir.2001) (*citing* Cheek, 31 F.3d at 501).

I find that Defendants' termination of Richmond-Jeffers was reasonably related to her final EEOC charge. This is not the sort of case, as is frequently seen, where a plaintiff checks one type of discrimination on the EEOC charge, but writes a complaint to include another form of discrimination claim. *See e.g.*, *Graham v. AT&T Mobility, LLC,* 247 Fed.Appx. 26, 29 (7th Cir. 2007) (stating that plaintiff could not pursue discrimination claim after checking off retaliation box in EEOC charge and also making no suggestion in his form that he was discriminated because of race). Nor is this a case where an act of discrimination is charged in the EEOC form and subsequent acts of questionable relatedness are listed in the complaint. *See e.g., Romaniszak-Sanchez v. Int'l Union of Operating Eng'rs, Local 150, AFL-CIO*, 121 Fed.

7

Appx. 140, 146-47 (7th Cir. 2005) (finding a plaintiff did not exhaust her retaliation claim based on complaints of sexual harassment when her EEOC charge discussed only discrimination towards her interracial marriage).

Instead, the link between Richmond-Jeffers's suspension, which was clearly described in her EEOC charge, and her subsequent termination is more than strong enough to withstand any exhaustion challenge. Richmond-Jeffers contacted the EEOC after she was suspended and escorted out of the school on March 6, 2008. She signed her EEOC form on April 8, 2008 and checked off both Age and Disability discrimination, thus clearly bringing the ADA and ADEA within the scope of the EEOC charge. She was formally terminated in May of 2008. The EEOC issued its Dismissal and Notice of Rights for Richmond-Jeffers's file on June 17, 2008.

The timing of the these events demonstrate that the termination naturally "grew out" of the suspension. Richmond-Jeffers was not permitted to return to school in between her March suspension and May termination, and no events occurred in between which could have generated cause for her firing. Moreover, the EEOC did not issue its Dismissal and Notice of Rights until June, so its investigation was still ongoing when Defendants fired Richmond-Jeffers. Her EEOC charge accomplished the twin goals of notifying Defendants they were charged with discrimination for their disciplinary action against Richmond-Jeffers and gave the parties the opportunity to settle the dispute.

Reading the allegations in the light most favorable to Richmond-Jeffers, the suspension is more naturally viewed as the first step in a two-step process, rather than being a separate, distinct event from the termination. This fact separates this case from *Conley v. Village of Bedford Park*, 215 F.3d 703, 710 (7th Cir. 2000), cited by Defendants. In *Conley*, the Seventh Circuit found an

8

employee's suspension for failing to report to work in a timely manner was a discrete and distinct action from the other discriminatory actions alleged in the EEOC charge, including unpleasant job assignments, lack of overtime and a failure to promote. *Id*. In addition, the suspension was not even mentioned in Conley's complaint, but only raised for the first time in his response to summary judgment. *Id*.

In fact, Richmond-Jeffers only used the word "termination" in her EEOC charge, not "suspension." EEOC Charge [DE 1] at 2 ("[o]n March 6, 2008, the Principal escorted me out of my class and said I was being terminated because I was insubordinate and had not followed his directive."). She did later acknowledged in her Complaint and Amended Complaint that the March 6, 2008 act was a suspension and that her termination did not formally occur until May. But the confusion of terms in her initial charge demonstrates an ambiguity and blurriness with respect to the formal differences between the two disciplinary measures. Moreover, "a short interval between the charge and the complained of event" does not prove a lack of exhaustion when "the EEOC would have learned [of the subsequent event] in the course of its investigation." *Isaacs v. Hill's Pet Nutrition, Inc.*, 485 F.3d 383, 385 (7th Cir. 2007).

In sum, the termination of Richmond-Jeffers was plainly on Defendants's radar when the charge was filed and it was not carried through because of any additional infractions occurring after that date. *C.f., Lloyd v. Swifty Transp., Inc.*, 552 F.3d 594, 602 (7th Cir. 2009) (finding that a suspension occurring in response to an employee's actions taken after his final charge were outside the scope and "unforseeable" to the employer.) Richmond-Jeffers's termination was reasonably related to her suspension and therefore properly included in her Complaint.

9

**C.     Schlottman as a Defendant**

Schlottman, the principal at Richmond-Jeffers's school, cannot be liable under the ADA or ADEA. The issue of supervisor liability has developed identically under the ADA, the ADEA and Title VII, as the relevant language, including the definition of "employer," is the same for all three statutes. *U.S. E.E.O.C. v. AIC Security Investigations, Ltd.*, 55 F.3d 1276, 1279-80 (7th Cir. 1995). It is abundantly clear that a supervisor is not an "employer" as that term is used in the relevant statutes and thus cannot be held liable in his individual capacity under the ADA or under Title VII. *See Silk v. City of Chicago*, 194 F.3d 788, 797 n.5 (7th Cir. 1999)(citing *Gastineau v. Fleet Mortgage Corp.*, 137 F.3d 490, 493 (7th Cir.1998)); *Geier v. Medtronic, Inc.*, 99 F.3d 238, 244 (7th Cir. 1996); *Williams v. Banning*, 72 F.3d 552, 555 (7th Cir. 1995); *AIC Security*, 55 F.3d at 1279-82. Richmond-Jeffers has presented no argument to suggest that Schlottman is anything other than a "mere supervisor" who, as an agent and employee for PTSC, is not eligible for individual liability under the ADA and ADEA. So Schlottman must be dismissed from the case.

**D.     Defendants' Request to Strike Pages 3-13 of Exhibit B**

Defendants also move to strike pages 3-13 of Exhibit B of Richmond-Jeffers's complaint.[2] The first two pages of Exhibit B are the filled in portion of Richmond-Jeffers's EEOC Charge of Discrimination form. The remaining pages are an extensive summary of the events leading up to and surrounding Richmond-Jeffers's suspension and termination. It is unclear whether or not this typed summary was actually attached to the two-page Charge of

---

[2] All of the exhibits attached by Richmond-Jeffers to her original Complaint were also attached to her Amended Complaint, though she does not tag the documents as Exhibits A, B, and C as she did in the original.

Discrimination form. It certainly appears that it was added as a supplement to that form's "Particulars" section, which instructs the petitioner to attach extra sheets if additional paper is needed.

Defendants argue that pages 3-13 should be stricken because they are not relevant and do not comport with Rule 8, which provides that "each allegation must be simple, concise, and direct." Although the narrative in the pages could perhaps be more streamlined, there is no need to strike them in light of the lenient approach to be used when evaluating a *pro se* party's pleadings. *See McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000) Richmond-Jeffers's Amended Complaint totals just twenty-one short paragraphs and the exhibits amount to only twenty-two pages. This is a far cry from the sort of complaints found to have violated the parameters of Rule 8. *See Vicom v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 776 (7th Cir. 1994) (holding that a 119 page, 384 paragraph complaint was "confusing, redundant, and seemingly interminable"); *Mutuelle Generale Francaise Vie v. Life Assurance Co. of Pennsylvania*, 688 F.Supp. 386, 391 (N.D. Ill. 1988) (striking a forty-two page, 162 paragraph complaint); *but see Mullen v. Metra Corp.*, 2005 WL 1950392, at \*\* 4-5 (N.D.Ill. Aug. 11, 2005) (refusing to dismiss a fourteen page long complaint which contained forty-five pages of exhibits).

The inclusion of those pages rendered the complaint neither "prolix" nor "confusing" so as to make Richmond-Jeffers's claims incoherent or especially difficult for the Defendants to file a responsive pleading. *See Vicom*, 20 F.3d at 773 n. 3. In any event, I have not relied upon them to decide the issues raised in the defendants' motions. So the Motion to Strike certain pages of Exhibit B is denied.

## CONCLUSION

For the foregoing reasons:

(a) Defendants' Objection to Richmond-Jeffers's Amended Complaint [DE 15] is **DENIED**;

(b) Defendants' Motion to Dismiss [DE 6] is **DENIED IN PART** and **GRANTED IN PART**;

(c) Richmond-Jeffers's claims under the FERPA and NLSA, to the extent they existed, are **DISMISSED**;

(d) Defendants' request to dismiss Richmond-Jeffers's claim under the ADA and ADEA, including but not limited to her allegations pertaining to her termination, is **DENIED**;

(e) Defendant Paul Schlottman is **DISMISSED** from this action; and

(f) Defendants' request to strike pages 3-13 of her exhibit is **DENIED.**

**SO ORDERED.**

**ENTERED**:  March 11, 2009

> s/ Philip P. Simon
> PHILIP P. SIMON, JUDGE
> UNITED STATES DISTRICT COURT