```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                         HAMMOND DIVISION
```

NANCYLEE RICHMOND-JEFFERS,   )
                            )
          Plaintiff         )
                            )
     v.                     )    Case No. 2:08 cv 278
                            )
PORTER TOWNSHIP SCHOOL      )
CORPORATION,                )
                            )
          Defendant         )

## OPINION AND ORDER

This matter is before the court on the following motions: the Verified Motion to Compel [DE 48] filed by the defendant, Porter Township School Corporation, on September 29, 2009; the Verified Motion for Protective Order Opposing Defendant's Verified Motion to Compel Medical Release Forms,[sic] and Opposing Motion to Compel Answers to Interrogatories No. 1(E) [sic] and No. 5 [DE 51] filed by the *pro se* plaintiff, Nancylee Richmond-Jeffers, on October 13, 2009; the Motion for Issuance of Subpoenas to Produce Documents, Information, or Objects [DE 67] filed by the plaintiff on January 25, 2010; the Motion for Issuance of Subpoena to Testify at a Deposition in a Civil Action [DE 68] filed by the plaintiff on January 28, 2010; the Verified Motion to Compel [DE 69] filed by the plaintiff on January 28, 2010; and the Motion to Vacate Deadlines [DE 72] filed by the defendant on February 16, 2010. For the following reasons, the Verified Motion to Compel [DE 48] is **DENIED AS MOOT,** the Verified Motion for Protective Order Opposing Defendant's Verified Motion to

Compel Medical Release Forms,[sic] and Opposing Motion to Compel Answers to Interrogatories No. 1(E) and No. 5 [DE 51] is **DENIED AS MOOT**, the Motion for Issuance of Subpoenas to Produce Documents, Information, or Objects [DE 67] is **DENIED**, the Motion for Issuance of Subpoena to Testify at a Deposition in a Civil Action [DE 68] is **DENIED**, the Verified Motion to Compel [DE 69] is **GRANTED IN PART, DENIED IN PART,** and **DENIED IN PART AS MOOT**, and the Motion to Vacate Deadlines [DE 72] is **GRANTED.**

Background

This case arises from Nancylee Richmond-Jeffers' Complaint alleging violations of the ADA, ADEA, and the Federal Whistleblower Act after Richmond-Jeffers was discharged from her job as a teacher by the Porter Township School Corporation. On July 10, 2006, Richmond-Jeffers filed charges of discrimination with the EEOC and Indiana Civil Rights Commission against Porter after her request for an accommodation was denied. The discrimination charge was based on disabilities including "cancer, retrocele, cystocele, dysfunction of the Bowel and Bladder, and Bowel and Bladder urgency." (Pltf. Compl. ¶ 2) A negotiated settlement agreement was reached between the two parties in 2007.

Richmond-Jeffers presently alleges that Porter repeatedly violated the ADA accommodation agreement, and she refiled charges against Porter on April 8, 2008, to include discrimination based on disability and age.

Porter filed the Defendant's Verified Motion to Compel on

September 29, 2009. Richmond-Jeffers, in response, filed Plaintiff's Verified Motion for Protective Order Opposing Defendant's Verified Motion to Compel Medical Release Forms,[sic] and Opposing Motion to Compel Answers to Interrogatories No. 1(E) [sic] and No.(5). With these responses, Richmond-Jeffers cured some of the deficiencies argued in Porter's Motion to Compel, leaving only her refusal to execute her medical authorizations and to provide complete interrogatory responses regarding the nature and extent of her alleged disabilities, which includes Interrogatory Nos. 1(e), 5, 12, and 13.

On March 1, 2010, Richmond-Jeffers filed Plaintiff's Verified Supplemental and Amended Responses to Defendant's Request for Production of Documents. In this document, Richmond-Jeffers addresses Porter's remaining interrogatory questions and states that she also has provided the requested voluntary medical release forms, fully resolving Porter's Motion to Compel and her complementary Motion for Protective Order.

On January 25, 2010, Richmond-Jeffers filed her Motion for Issuance of Subpoenas to Produce Documents in which she requests subpoenas for three individuals: Nick Brown and Sharon Svec, Porter employees; and Dave Smith, Uniserv Director 1-B of the Indiana State Teacher's Association. On January 28, 2010, Richmond-Jeffers filed her Motion for Issuance of Subpoena to Testify at a Deposition in a Civil Action, requesting a subpoena for Tammy Graeber.

In Plaintiff's Verified Motion to Compel filed on January

28, 2010, Richmond-Jeffers requests that this court issue an order compelling Porter to answer Interrogatory Nos. 1, 3, 5, and to provide more complete responses to Document Responses Nos. 2, 3, 4, 5, 6, 8, 9, 11, 12, 15, and 16.

Porter, in its response, contends that it is improper for the plaintiff to subpoena Brown and Svec, who are its employees, and the subject matter relates to that employment. Porter also states that it agrees to treat plaintiff's motion to subpoena documents from these employees as request for production of documents directed to the defendant and that it is willing to provide the information requested in the subpoenas within 30 days of the issuance of this order.

## Discussion

According to Federal Rule of Civil Procedure 34 regarding the production of documents, "any party may serve on any other party a request . . . to produce . . . to inspect, copy, test, or sample any designated documents." The procedure to request documents requires that the requesting party describe each document or item with "reasonable particularity." Rule 34(b). However, as stated above, the party need only "serve a request." A subpoena is not necessary for this document discovery to proceed with a party opponent.

The Civil Procedure Manual for the Northern District of Indiana Federal Courts provides:

> A subpoena is defined as a writ commanding a
> person to appear before a court or other
> tribunal, subject to a penalty for failure to
> comply or as a court order that may require a

4

> person to appear at a trial, hearing or deposition for the purpose of testifying as a witness at a specified time or else risk being held in contempt of court. There are two types of subpoenas. The first is a <u>subpoena ad testificandum</u>, which is a subpoena ordering a witness to appear and give[] testimony. The second is a <u>subpoena duces tecum</u>, which is a subpoena that orders a witness both to appear and to bring specified and relevant documents or records. In general, pursuant to <u>Fed.R.Civ.P[ro] 45</u>(a), parties to legal proceedings have the power to obtain a subpoena compelling a witness to appear and testify at a designated time and location.
>
> Subpoenas can be issued in blank form or signed and sealed to all parties in legal proceedings, including pro se plaintiffs/non-incarcerated pro se litigants. Requests for subpoenas can be made in person, by telephone or in writing. Subpoenas **will not** be issued to incarcerated/prisoner pro se plaintiffs without an order from the court.
>
> Civ. P. Manual, N.D.Ind., p. 213

If Richmond-Jeffers requires a subpoena, she need only contact the Clerk's Office and request it. Issuance by court order is unnecessary.

A party has two methods of procuring the deposition of another party: he may use a subpoena under Federal Rule of Civil Procedure 45 to take a deposition of a party witness, "in which case failure of the party witness to obey [the subpoena] may be deemed in contempt of the court from which it was issued under Fed.R.Civ.P. 45(e)." 28 Fed. Proc., L.Ed. §65:241. The subpoena may include the command for a person to produce designated materials, again with noncompliance possibly resulting in the sanctions of Rule 45(e). But a subpoena is not required either

5

to depose a party or to compel production of documents from a party because the court already has jurisdiction over parties to the case, and the sanctions of Federal Rule of Civil Procedure 37 provide the necessary incentive for cooperation. Though it is not improper to subpoena an opposing party for discovery purposes, it is not necessary. *See* 9A Wright, Miller & Marcus, *Federal Practice and Procedure: Civil 3d* §2460 pp. 462-63 (2008) ("A subpoena under Federal Rule 45 is unnecessary to take the deposition of a party. . . . Under Rule 30(b)(2), . . . a notice to a party may be accompanied by a request made in compliance with Rule 34 for the production of documents and tangible things at the taking of a deposition. Nothing more is required of the party taking the deposition."); **Int'l Brotherhood of Electrical Workers, Local 474 v. Eagle Electric Co., Inc.**, 2007 WL 622504, *4 (W.D. Tenn. Feb. 22, 2007)(discussing same).

Use of the rules of discovery, namely Rules 30 and 34, provide guidelines for a proper notice of deposition and requests for documents, making the use of Rule 45 subpoenas appear superfluous. However, Richmond-Jeffers, as a pro se plaintiff, is unfamiliar with the rules of discovery. Rather than overwhelm her with more rules and case law, the court will simply explain in layman's terms that discovery, whether by answering interrogatories, requesting documents, or arranging for depositions to be taken, is an informal process that the court entrusts the parties to conduct among themselves in a courteous, professional manner. The court does not intervene in the process unless a problem

arises. Richmond-Jeffers need only contact opposing counsel to arrange for mutually agreeable times to set a deposition for any Porter representative or employee based on Porter's statement that it does not object to the deposition of Tammy Graeber that Richmond-Jeffers seeks. Based on the lack of necessity for issuance of subpoenas for document production and the deposition of Graeber, both of Richmond-Jeffers' motions for issuance of subpoenas are **DENIED**. The court takes Porter at its word that it shall provide the documents that Richmond-Jeffers is seeking by construing the motion to subpoena as a request for production and hopes that the parties can come to agreement on this issue.

Next, the court considers Plaintiff's Verified Motion to Compel. A party may "obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things." Federal Rule of Civil Procedure 26(b)(1). For discovery purposes, relevancy is construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." ***Chavez v. DaimlerChrysler Corp.,*** 206 F.R.D. 615, 619 (S.D. Ind. 2002) (*quoting* ***Oppenheimer Fund, Inc. v. Sanders,*** 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1978)). Even when information is not directly related to the claims or defenses identified in the pleadings, the information still may be relevant to the broader subject matter at hand and meet the

rule's good cause standard. ***Sanyo Laser Prods., Inc. v. Arista Records, Inc.***, 214 F.R.D. 496, 502 (S.D. Ind. 2003). *See* ***Adams v. Target***, 2001 WL 987853, *1 (S.D. Ind. 2001) ("For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."). *See also* ***Shapo v. Engle***, 2001 WL 629303, *2 (N.D. Ill. May 25, 2001) ("Discovery is a search for the truth.").

A party may seek an order to compel discovery when an opposing party fails to respond to discovery requests or has provided evasive or incomplete responses. Federal Rule of Civil Procedure 37(a)(2)-(3). The burden "rests upon the objecting party to show why a particular discovery request is improper." ***Kodish v. Oakbrook Terrace Fire Protection Dist.***, 235 F.R.D. 447, 449-50 (N.D. Ill. 2006). The objecting party must show with specificity that the request is improper. ***Graham v. Casey's General Stores***, 206 F.R.D. 253, 254 (S.D. Ind. 2002). That burden cannot be met by "a reflexive invocation of the same baseless, often abused litany that the requested discovery is vague, ambiguous, overly broad, unduly burdensome or that it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence." ***Burkybile v. Mitsubishi Motors Corp.***, 2006 WL 2325506, *6 (N.D. Ill. Aug. 2, 2006) (internal quotations and citations omitted).

Rather, the court's broad discretion in deciding such discovery matters should consider "the totality of the circumstances, weighing the value of material sought against the burden of providing it, and taking into account society's interest in

furthering the truth-seeking function in the particular case before the court." ***Patterson v. Avery Dennison Corp.,*** 281 F.3d 676, 681 (7th Cir. 2002).

Richmond-Jeffers "has problems with" Porter's answers to Interrogatory Nos. 1, 3, and 5, and with Document Production Nos. 2, 3, 4, 5, 6, 8, 9, 11, 12, 15, and 16.  The court understands that the intricacies of litigating in federal court may be difficult for a pro se plaintiff, as evidenced by the struggle to express why the answers and responses are unsatisfactory.  However, in her brief and attached exhibit, Richmond-Jeffers adequately expresses her problems with these answers.

Interrogatory No. 1 and its associated Answer are as follows:

> 1.  Please state the following about any person who answered or assisted in answering these interrogatories:
>
>     a.  Full name;
>     b.  Present address;
>     c.  Date of birth;
>     d.  Social Security Number;
>     e.  Every other name by which the person has been known during the last tens [sic] years; and
>     f.  Each address at which the person has resided during the past five (5) years.
>
> ANSWER:  Nicholas Brown, Superintendent of Porter [Township] School Corporation, Administration Building, 248 South 500 West, Valparaiso, Indiana 46385, as well as Paul Schlottman, Principal of Boone Grove Middle School, 325 West 550 South, Boone Grove, IN 46302.  Defendant **OBJECTS** to the remainder of the information requested in this Interrogatory as these persons are answering in their official capacity and therefore, the information is irrelevant.

Because Richmond-Jeffers is suing a school corporation and not a person and because the individuals answering were acting in their official capacities, the court agrees with the defendant that the only relevant information is that which Porter has provided. As to Interrogatory No. 1, the motion to compel is **DENIED.**

Interrogatory No. 3 asks for the full name, present address, date of birth, telephone number, and occupation of each and every individual Porter expects to call as a non-expert witness at trial. Porter has listed thirteen (13) individuals and has given their full names, present addresses, telephone numbers, and occupations.[1] Porter contends that it "certainly cannot imagine a scenario wherein the dates of birth of the identified witnesses would be relevant to Plaintiff's ability to litigate this cause of action." (Deft. Resp. p. 4) The court can: an age discrimination suit like the case at hand. Porter's comment that Richmond-Jeffers "is familiar from her employment" with all of the named witnesses misses the point and mistakenly assumes that she should know their exact ages.[2] Though the age of the Superintendents, Principal, and School Corporation Board Members may be irrelevant, the ages of her co-workers certainly is relevant. As to Interrogatory No. 3, the motion to compel is **GRANTED IN PART** as to non-expert witnesses Magurany, Christ, Addie, and

---

[1] Richmond-Jeffers' brief states that Porter "did not answer Subparts b, c, d, e for all non-[expert] witnesses", but its response brief gives a very thorough answer which only leaves out "c" for each non-expert witness listed.

[2] Because of an overriding concern about identity theft, Porter may answer this question with only the month and year of birth.

10

Tafflinger, and **DENIED IN PART** as to the other non-expert witnesses listed.

Interrogatory No. 5 and its associated answer are as follows:

> 5. Identify all documents, charts, summaries, compilations, pictures and/or demonstrative exhibits that Defendant intends to offer as exhibits at the trial of this action.
>
> ANSWER: This information has yet to be determined. Defendant will disclose this information pursuant to the Court's Case Management Orders and the Federal Rules of Civil Procedure. *See generally* Responses to Request for Production.

Rule 26(a)(3) concerning pretrial disclosures states that

> a party must provide to the other parties and promptly file the following information about the evidence that it may present at trial other than solely for impeachment:
>
> * * *
>
> (iii) an identification of each document or other exhibit, including summaries of other evidence – separately identifying those items the party expects to offer and those it may offer if the need arises.

Rule 26(a)(3) continues, "Unless the court orders otherwise, these disclosures must be made at least 30 days before trial." Richmond-Jeffers argues that the answer is not specific and complete. However, the court agrees with Porter that the exhibits to be admitted for trial properly are disclosed as the Rules designate, a time normally coinciding with the final pretrial conference. Therefore, in regard to Interrogatory No. 5, the

11

motion to compel is **DENIED**.

The Requests for Production present more difficult decisions. The privilege log was not provided to the court, and it is impossible for the court to decipher which documents were provided and which withheld. Because of the absence of the privilege log and the time that has passed while these motions have been pending, the court **DENIES WITHOUT PREJUDICE** the motion to compel the production of documents. If Richmond-Jeffers has not resolved her discovery dispute over the production of documents with Porter and finds it necessary to refile her motion, she may do so. Porter is instructed to include a copy of the privilege log in its response to the motion.

Finally, the Motion to Vacate Deadlines is necessary due to the delay awaiting resolution of the pending motions discussed here. The court **GRANTS** the motion to vacate deadlines and **ORDERS** an in-person status conference to be held on **June 10, 2010, at 10:00 A.M.**, at which the parties can discuss whether any further motions involving discovery disputes will be necessary and the setting of the necessary remaining deadlines.

_____

For the foregoing reasons, the Verified Motion to Compel [DE 48] filed by the defendant, Porter Township School Corporation, on September 29, 2009 is **DENIED AS MOOT**, the Verified Motion for Protective Order Opposing Defendant's Verified Motion to Compel Medical Release Forms,[sic] and Opposing Motion to Compel Answers to Interrogatories No. 1(E) [sic] and No. 5 [DE 51] filed by the

*pro se* plaintiff, Nancylee Richmond-Jeffers, on October 13, 2009 is **DENIED AS MOOT,** the Motion for Issuance of Subpoenas to Produce Documents, Information, or Objects [DE 67] filed by the plaintiff on January 25, 2010 is **DENIED**, the Motion for Issuance of Subpoena to Testify at a Deposition in a Civil Action [DE 68] filed by the plaintiff on January 28, 2010 is **DENIED,** the Verified Motion to Compel [DE 69] filed by the plaintiff on January 28, 2010 is **GRANTED IN PART, DENIED IN PART,** and **DENIED IN PART AS MOOT,** and the Motion to Vacate Deadlines [DE 72] filed by the defendant on February 16, 2010, is **GRANTED.**

ENTERED this 10th day of May, 2010

                                            s/ ANDREW P. RODOVICH
                                              United States Magistrate Judge