```
                  UNITED STATES DISTRICT COURT
                  NORTHERN DISTRICT OF INDIANA
                        HAMMOND DIVISION


NANCYLEE RICHMOND-JEFFERS,      )
                                )
          Plaintiff             )
                                )
     v.                         )    Case No. 2:08 cv 278
                                )
PORTER TOWNSHIP SCHOOL          )
CORPORATION,                    )
                                )
          Defendant             )
```

## OPINION AND ORDER

This matter is before the court on the Motion for Enlargement of Time for Medical Authorizations and to Respond and Object to Defendant's Motion to Amend and/or Correct Portions of May 10, 2010 Opinion and Order [DE 83] and the Motion to Amend and Reconsider Court Order of June 10, 2010 to Allow Plaintiff to Address Inaccuracies in Defendant's Motion to Amend and/or Correct Portions of May 10, 2010 Opinion and Order [DE 84] filed by the plaintiff, Nancylee Richmond-Jeffers, on June 17, 2010. Based on the following reasons, the Motion for Enlargement of Time for Medical Authorizations and to Respond and Object to Defendant's Motion to Amend and/or Correct Portions of May 10, 2010 Opinion and Order [DE 83] is GRANTED IN PART and DENIED IN PART AS MOOT, and the Motion to Amend and Reconsider Court Order of June 10, 2010 to Allow Plaintiff to Address Inaccuracies in

Defendant's Motion to Amend and/or Correct Portions of May 10, 2010 Opinion and Order [DE 84] is DENIED.

## Background

This case arises from Nancylee Richmond-Jeffers' complaint alleging violations of the ADA, ADEA, and the Federal Whistle-blower Act after Richmond-Jeffers was discharged from her job as a teacher by the defendant, Porter Township School Corporation. On September 20, 2009, the School Corporation filed a motion to compel Richmond-Jeffers to produce voluntary medical release forms. On March 1, 2010, Richmond-Jeffers filed the Plaintiff's Verified Supplemental and Amended Responses to Defendant's Request for Production of Documents. In this document, Richmond-Jeffers stated that she provided the requested voluntary medical release forms. Relying on Richmond-Jeffers word that she provided the medical release forms, the court did not address this issue in its May 10, 2010 Order. On June 9, 2010, the School Corporation informed the court that Richmond-Jeffers did not provide all of the requested voluntary medical authorizations, and it moved to have the May 10, 2010 Order reconsidered on this ground. The motion to reconsider was granted, and Richmond-Jeffers was directed to produce the requested voluntary medical authorizations or her claims of disability would be limited to

those medical conditions identified in the records she already had produced.

Richmond-Jeffers also filed a motion to compel the School Corporation to produce its privilege log. In its May 10, 2010 Order, the court overlooked the privilege log that the School Corporation had attached as an exhibit to its earlier response to Richmond-Jeffers' discovery request. In the May 10, 2010 Order, the court denied without prejudice Richmond-Jeffers' motion to compel the School Corporation to produce the privilege log due to the amount of time that had elapsed between the motion being filed and the court's Order and the absence of the privilege log for the court to review. In the June 10, 2010 Order on the motion to reconsider, the court acknowledged the privilege log was attached as an exhibit to a document the School Corporation had filed earlier and instructed Richmond-Jeffers to review the log, meet and confer with the School Corporation on the issue, and then re-file her motion if necessary.

Richmond-Jeffers claims that she was unaware of the May 10, 2010 Opinion and Order until she received the defendant's motion to amend the May 10 Order on June 11, 2010. Richmond-Jeffers called the Clerk's Office and received a copy of the May 10, 2010 Opinion and Order and other filings on June 12, 2010. Richmond-Jeffers further states that she was not informed about the June

10, 2010 status conference until receiving a copy of the docket on June 12, 2010, after the conference was held.

Richmond-Jeffers now requests an extension of time to provide her medical authorizations, an extension of time to respond to the defendant's motion to amend the court's May 10, 2010 Order, and for the court to reconsider its June 10, 2010 Order.

## Discussion

Richmond-Jeffers first requests an extension of time to respond to the motion to correct the May 10, 2010 Order. Because the court already has issued its Order on this motion, Richmond-Jeffers' request is DENIED AS MOOT.

Richmond-Jeffers also moves for the court to reconsider its June 10, 2010 Order on the School Corporation's motion to reconsider. In its motion to reconsider, the School Corporation alleged that Richmond-Jeffers only provided three voluntary medical authorizations and did not provide medical authorizations for all of the physicians identified in her complaint, as was requested. In the June 10, 2010 Order, the court granted the motion to compel Richmond-Jeffers to produce the voluntary medical release forms for her remaining medical records. Richmond-Jeffers now argues that the School Corporation's state

ments were false and misleading and that the Order should be reconsidered.

Although they are frequently filed, the Court of Appeals has described a motion for reconsideration as "a motion that, strictly speaking, does not exist under the Federal Rules of Civil Procedure." Hope v. United States, 43 F.3d 1140, 1142 n.2 (7th Cir. 1994). See also Talano v. Northwestern Medical Faculty Foundation, Inc., 273 F.3d 757, 760 n.1 (7th Cir. 2001). This type of motion "is a request that the [Court] reexamine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was overlooked." Ahmed v. Ashcroft, 388 F.3d 247, 249 (7th Cir. 2004) (internal quotation omitted). See also United States v. Ligas, 549 F.3d 497, 501 (7th Cir. 2008)("A district court may reconsider a prior decision when there has been a significant change in the law or facts since the parties presented the issue to the court, when the court misunderstands a party's arguments, or when the court overreaches by deciding an issue not properly before it."). In Frietsch v. Refco, Inc., 56 F.3d 825 (7th Cir. 1995), the Court of Appeals did not question the availability of a motion to reconsider but stated:

> It is not the purpose of allowing motions for reconsideration to enable a party to complete presenting his case after the court has ruled against him. Were such a procedure to be

>             countenanced, some lawsuits really might
>             never end, rather than just seeming endless.
>
> 56 F.3d at 828

See also Oto v. Metropolitan Life Insurance Company, 224 F.3d 601, 606 (7th Cir. 2000)("A party may not use a motion for reconsideration to introduce new evidence that could have been presented earlier."); Divane v. Krull Electric Company, 194 F.3d 845, 850 (7th Cir. 1999); LB Credit Corporation v. Resolution Trust Corporation, 49 F.3d 1263, 1267 (7th Cir. 1995). Ultimately, a motion for reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." Global View Ltd. Venture Capital v. Great Central Basin Exploration, 288 F.Supp.2d 482, 483 (S.D.N.Y. 2003)(internal quotation omitted).

Richmond-Jeffers alleged in her complaint that the School Corporation violated the ADA when it fired her. Because of this allegation, her medical records are subject to discovery in their entirety. Butler v. Burroughs Welcome, Inc., 920 F.Supp. 90, 92 (E.D.N.C. 1996). See also Vargas v. Shepherd, 903 N.E.2d 1026, 1030 (Ind. App. 2009)(stating that when a party puts her medical condition at issue, any privilege as to those documents is waived). The School Corporation informed the court that Richmond-Jeffers provided voluntary medical releases for three physicians but that she failed to provide them for other physi-

cians listed in her complaint. Richmond-Jeffers is advised that she must provide the voluntary medical releases for all of the physicians she listed in her complaint. Therefore, the only remaining dispute Richmond-Jeffers could raise with the court's order compelling the production of the voluntary medical releases is whether she already served the voluntary medical release forms for all the doctors identified in her complaint. If Richmond-Jeffers did in fact serve the voluntary medical release forms for all of the doctors identified in her complaint, then she was compliant with the court's Order and does not need to take further action. Otherwise, she either must produce the documents or accept the limitation on the scope of her ADA claim to the medical conditions detailed in the medical records produced during discovery. In either case, the court does not need to readdress its June 10, 2010 Order because Richmond-Jeffers is required to produce the requested documents, and whether she did produce the documents concerns her compliance with the Order. Richmond-Jeffers has not pointed to any significant change of fact or law that would affect the outcome of the court's decision in the June 10, 2010 Order.

The only other issue addressed in the June 10, 2010 Order was the production of the School Corporation's privilege log. Because the Order merely acknowledges that the privilege log

previously was produced, and did not change the court's ruling from the May 10, 2010 Order, there is nothing for the court to reconsider in the June 10, 2010 Order with regard to the privilege log. Richmond-Jeffers again is advised to review the privilege log, meet and confer with the School Corporation, and re-file a motion to compel if she remains unsatisfied with the privilege log. Therefore, the Motion to Amend and Reconsider Court Order of June 10, 2010 to Allow Plaintiff to Address Inaccuracies in Defendant's Motion to Amend and/or Correct Portions of May 10, 2010 Opinion and Order [DE 84] is DENIED.

Due to the pendency of Richmond-Jeffers' motion to reconsider the June 10, 2010 Order, the court GRANTS Richmond-Jeffers' motion for an extension of time to produce the medical releases. Richmond-Jeffers is DIRECTED to produce the voluntary medical releases requested for the remaining physicians within 14 days of this Order. Otherwise, her medical conditions will be limited to those discussed in the medical records the School Corporation currently has in its possession.

_____

Based on the foregoing, the Motion for Enlargement of Time for Medical Authorizations and to Respond and Object to Defendant's Motion to Amend and/or Correct Portions of May 10, 2010 Opinion and Order [DE 83] filed by the plaintiff on June 17,

2010, is GRANTED IN PART and DENIED IN PART AS MOOT, and the Motion to Amend and Reconsider Court Order of June 10, 2010 to Allow Plaintiff to Address Inaccuracies in Defendant's Motion to Amend and/or Correct Portions of May 10, 2010 Opinion and Order [DE 84] filed by the plaintiff on June 17, 2010, is DENIED. Richmond-Jeffers is DIRECTED to serve the School Corporation with the voluntary medical release forms within 14 days of this Order.

    ENTERED this 19th day of November, 2010

                                   s/ Andrew P. Rodovich
                                       United States Magistrate Judge